**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

LAURO VICENTE MARCA LEMA,

Petitioner,

v. No. 2:26-cv-01339-KG-JMR

MARKWAYNE MULLIN, *Secretary,*
*U.S. Department of Homeland Security; et al.*,

Respondents.

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**
**AND DIRECTING RESPONDENTS TO PROVIDE PETITIONER A BOND HEARING**

This matter is before the Court on Petitioner Lauro Vicente Marca Lema's Petitions for a Writ of Habeas Corpus (the "Petitions"), Docs. 1 and 2, the Government's Response, Doc. 9, and Petitioner's Reply, Doc. 10. For the reasons below, the Court grants the Petitions and orders Respondents to provide Petitioner with a new bond hearing.

## *I. Background*[1]

Petitioner, a native and citizen of Ecuador, entered the United States in 1999 without inspection. Doc. 2 at 1, 3. On October 7, 2025, Immigration and Customs Enforcement ("ICE") agents arrested Petitioner as he attempted to leave the site of his construction job in the Bronx, New York. *Id.* at 2. Petitioner filed a first petition for writ of habeas corpus in the District of New Jersey. *Id.* at 5. That court granted the petition and ordered the Government to provide Petitioner a bond hearing. *Id.* On December 11, 2025, an immigration judge ("IJ") denied Petitioner's request for bond. Doc. 9-1 at 1. The written order stated that bond was "denied,

[1]For brevity, the Court omits information related to other immigration proceedings not relevant here. Additional background facts are set forth in *Lemu v. Soto*, No. 25-cv-17098, 2025 WL 3470298, at *1 (D.N.J. Dec. 3, 2025). Petitioner's name is spelled incorrectly on Westlaw.

because Flight risk." *Id.* On March 4, 2026, an IJ ordered Petitioner removed; his appeal is pending before the Board of Immigration Appeals. *Id.* Petitioner is currently detained at the Otero County Processing Center in Chaparral, New Mexico. *Id.*

Petitioner filed the present Petitions on April 29, 2026, and May 1, 2026. Docs. 1 and 2. Petitioner asserts that "the Government has deprived Petitioner of the ability to seek any kind of judicial review of his custody, by denying bond in an unreasoned, two-word order, and failing to produce any audio record that might elucidate the IJ's reasoning." Doc. 2 at 10. Respondents oppose the Petition. *See generally* Doc. 9.

## ***II. Standard of Review***

A petition for a writ of habeas corpus seeks "release from unlawful physical confinement[.]" *Preiser v. Rodriguez*, 411 U.S. 475, 485 (1973). Habeas corpus review is available if a noncitizen is "in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3); *see also Zadvydas v. Davis*, 533 U.S. 677–78, 690 (2001).

The Immigration and Nationality Act ("INA") establishes distinct detention regimes depending on whether a noncitizen is "seeking admission" to the United States. *See Jennings v. Rodriguez*, 583 U.S. 281, 288–89 (2018). Section 1225(b)(2)(A) applies to noncitizens who are "seeking admission" and "not clearly and beyond a doubt entitled to be admitted[.]" This "provision mandates detention and affords no bond hearing." *Pu Sacvin v. De Anda-Ybarra*, No. 2:25-cv-01031-KG-JFR, 2025 WL 3187432, at *1 (D.N.M. Nov. 14, 2025). By contrast, § 1226(a) authorizes the arrest and detention of noncitizens "[o]n a warrant issued by the Attorney General . . . pending a decision on whether [they are] to be removed[.]" Noncitizens

detained under this second detention regime are "entitled to individualized bond hearings at the outset of detention." *Velasquez Salazar v. Dedos*, 806 F. Supp. 3d 1231, 1239 (D.N.M. 2025).

Federal courts lack jurisdiction to review an immigration judge's discretionary decision to deny bond under § 1226(a):

> The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole.

8 U.S.C. § 1226(e). As the Supreme Court has explained, § 1226(e) operates as a jurisdictional bar precluding noncitizens from "challeng[ing] a discretionary judgment by the Attorney General or a decision that the Attorney General has made regarding [their] detention or release." *Jennings v. Rodriguez*, 583 U.S. 281, 295 (2018) (internal quotation marks omitted) (quoting *Demore v. Kim*, 538 U.S. 510, 516 (2003); *see also Nielson v. Preap*, 586, U.S. 392, 961 (2019) ("[T]his limitation [under § 1226(e)] applies to . . . discretionary decisions" and prohibits review of whether "the Government exercised its statutory authority in an unreasonable fashion."). Absent a constitutional claim or some other question of law, the Court does not have federal habeas jurisdiction to review a specific custody determination. *Olmos v. Holder*, 780 F.3d 1313, 1316 (10th Cir. 2015).

## *III. Analysis*

As an initial matter, § 1226 governs Petitioner's detention. Petitioner has lived in the United States for years and was not arrested at a port of entry or near the border. Doc. 2 at 1, 4–5. He therefore was not seeking admission at the time of his arrest. While an IJ entered an order of removal against him, that order is not administratively final because his appeal remains pending in front of the BIA. *Id.* at 5; Doc. 10 at 2–3. Therefore, his detention is properly governed under § 1226.

Petitioner argues that the Government has violated his due process rights by "denying bond in an unreasoned, two-word order, and failing to produce any audio record that might elucidate the IJ's reasoning." Doc. 2 at 10. Petitioner received a bond hearing under § 1226(a) and the IJ denied bond, determining that Petitioner presented a flight risk. Doc. 9-1 at 1. Petitioner is correct that the IJ's order did not include any of the IJ's reasons for denying bond. Doc. 9-1 at 1. Petitioner requested a recording of the bond hearing but was informed that "[t]here is no recording for the bond hearing on Dec. 11, 2025." Doc. 2-13 at 1. Petitioner does not indicate in his Petitions whether a transcript of the proceeding was available. The Court notes that the record is unclear whether Petitioner's counsel represented Petitioner at the hearing.[2] If so, Petitioner's counsel has not proffered facts as to what occurred at the hearing nor argued that there were procedural deficiencies at the hearing such that he was precluded from presenting evidence. Respondents, on the other hand, do not address the adequacy of the bond hearing and only argue that this Court lacks jurisdiction over the IJ's bond decision, and that Petitioner's detention pending removal remains constitutional. *See generally* Doc. 9.

The Court has jurisdiction to consider whether the December bond hearing complied with the District of New Jersey's order directing the Government to provide Petitioner a constitutionally adequate bond hearing. *See Tavora v. De Anda Ybarra*, No. 25-cv-1281-MLG-GJF, 2026 WL 2299541, at *4 (D.N.M. Aug. 11, 2026) ("The Court also has jurisdiction to enforce compliance with its lawful orders."). Nonetheless, the Court is unable to determine whether Petitioner's bond hearing comported with due process based on the record presented. "The best evidence of whether Petitioner's bond hearing comported with due process is the full

---

[2]It appears that Petitioner's counsel represented him in prior habeas proceedings in the District of New Jersey. Doc. 2 at 5.

bond hearing transcript[.]" *Vera-Velez v. Soto*, No. 26-cv-1480, 2026 WL 963348, at *3 (D.N.J. Apr. 9, 2026). A transcript or audio recording is relevant and necessary for the Court to determine whether the IJ followed the District of New Jersey's order. Without such evidence, the Court cannot determine whether the bond hearing was constitutionally adequate.

The Court acknowledges that an IJ is not required to provide a detailed written order explaining their decision and may give an oral ruling. *See Lobo Alejandro v. Marin*, No. 26-cv-1497-DMG-SK, 2026 WL 2597920, at *2 (C.D.Ca. Aug. 31, 2026). However, Respondents must provide Petitioner with adequate process sufficient to justify depriving Petitioner of his constitutionally protected liberty interest in avoiding physical restraint. *See Mathews v. Eldridge*, 424 U.S. 319, 333 (1976) ("The fundamental requirement of due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner.'"). Moreover, "courts generally have found that the cost of providing a bond hearing is relatively minimal." *Hernandez Rodriguez v. Mullin*, No. 26-cv-1125-KG-KRS, 2026 WL 1706910, at *5 (D.N.M. June 12, 2026) (citation modified). Given the substantial liberty interest at stake, the high value of additional safeguards, and the minimal burden to the Government, the Court will order Respondents to provide Petitioner with a new bond hearing. *Cf. Mayer v. City of Chicago*, 404 U.S. 189, 194–95 (1971) (providing that the Government "must afford [litigants] . . . a 'record of sufficient completeness' to permit proper consideration of [their] claims." (citation modified)).

## ***IV. Conclusion***

For the reasons above, the Court grants the Petitions, Docs. 1 and 2.

1. Within 14 days of this Order, Respondents shall provide Petitioner with an individualized bond hearing, on the record, before an immigration judge.

2. At the hearing, Petitioner bears the burden of proving by a preponderance of the evidence that conditions of release would adequately address any risk of flight or danger to the community.
3. If a bond hearing is not provided within 14 days, Petitioner shall be released under appropriate conditions of supervision.
4. Respondents shall file a status report in 21 days to certify compliance with this order.
5. Petitioner's Motions to Expedite and Requests for Prompt Adjudication of Petition for Writ of Habeas Corpus, Doc. 14 and 15, are denied as moot.

IT IS SO ORDERED.

/s/Kenneth J. Gonzales
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the Court's PACER public access system.